By the Court.—Sedgwick, J.
—The plaintiff’s right to discontinue on payment of costs was gone if the action had passed into judgment. The defendant might then claim a right to the adjudication, even if it were wholly or partly unfavorable to him, although it cannot be supposed that a plaintiff would wish to discontinue an action, in which there is a judgment wholly favorable to his demands. The defendants’ right did not depend upon the judgment having been actually entered of record. It was enough that a point had been reached which made the action ready for the entering of.a judgment.
Leave to discontinue was never granted after a peremptory rule for judgment on demurrer, while, after demurrer argued and allowed, a discontinuance on payment of costs was allowed, if there were a mistake by the plaintiff in pleading. Afterwards the mistake *379 was relieved by allowing the plaintiff to amend on payment of costs. After a special verdict the plaintiff might discontinue by leave, because it was not complete and final, as a matter of great favor, however. Leave to discontinue was never granted after a general veidict (2 Wms. Saunders, 73). A case there cited (Stephens v. Etterick, 1 Show. 63), was in covenant, and a writ of inquiry had been awarded, executed, returned, but not filed. Counsel for plaintiff moved for discontinuance, and argued that the judgment was but interlocutory for the award of inquiry, and nothing was reduced to certainty. The court held it was not different from the case of a verdict where a plaintiff ■could not discontinue, and that there could be no discontinuance without consent.
In the case at bar, though the judgment was vacated, the plaintiff was allowed to keep possession, taken under the execution, until a judgment should be had in defendant’s favor. Manifestly the plaintiff has no right to discontinué to enable him to bring a new action, in this condition of things, or to compel the defendant to bring the action. There was an adjudication in effect in favor of defendant, that he was entitled to have this action to proceed to judgment. By reason of the action, the plaintiff has obtained possession, not as of absolute right, but of qualified right, the qualification being in defendant’s favor. It is impossible that he should destroy this qualification by discontinuing the action, without relinquishing possession. I think the learned judge committed no error, by not allowing a discontinuance on condition of relinquishing possession and payment of costs, inasmuch as the plaintiff was not willing to perform siich a condition.
The learned counsel for respondents claim that the vacating of the judgment was under the statute that relates to new trials in ejectment after judgment for plaintiff by default (2 R. S. 309, § 38, and p. 310, § 41; *380 2 Edm. 318, 319). Section 38 is, that such a judgment may be within five years vacated upon terms, if justice require. Section 41 is, if the plaintiff have taken possession, by virtue of the recovery, such possession shall not be affected by the vacating of the judgment; but if the defendant recover in any new trial authorized by the statute, he shall be entitled to a writ of possession in the same manner as if he were plaintiff. In this case, if the plaintiff wishes to retain his possession, he cannot, by discontinuance, keep the defendants out of their right, to continue the action, to the end, if possible, of obtaining a writ of possession.
The order appealed from should be affirmed with costs of $10, and disbursements.
Curtis, Ch. J., and Freedman, J., concurred.